127 N.J. Super. 97 (1974)
316 A.2d 480
BOARD OF EDUCATION OF THE BLACK HORSE PIKE REGIONAL SCHOOL DISTRICT, PLAINTIFF,
v.
TOWNSHIP OF GLOUCESTER, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 1, 1974.
*98 Mr. John S. Fields for plaintiff (Messrs. Hyland, Davis & Reberkenny, attorneys).
Mr. Charles Palumbo for defendant (Messrs. Kmiec and Palumbo, attorneys).
RIZZI, A.J.S.C.
This matter is before the court on order to show cause why defendant Gloucester Township should not be restrained from effectuating and implementing ordinances affecting the rezoning of certain areas of the township. Defendant seeks upon its cross-motion to have the restraint dissolved and the complaint dismissed pursuant to R. 4:6-2 because of a failure by plaintiff to state a cause of action upon which relief can be granted, or in the alternative, for summary judgment according to R. 4:46-2.
On October 2, 1973 the township council enacted two ordinances, numbers 73-17 and 73-19, which amended section 83-33 et seq. of the zoning ordinance of Gloucester Township. The effect of these two ordinances was to rezone approximately 470 acres of land from an industrial to a residential classification so that a "Residential Planned Community" district could be established in that area. Plaintiff Board of Education of the Black Horse Pike Regional School District, which serves the municipalities of Runnemede and Bellmawr as well as Gloucester Township, claims that the resultant rapid influx of children into such a district would create an extreme burden upon the effective administration and functioning ability of the school district, to such an extent *99 as to be inconsistent with the high constitutional mandate accorded the educational system. Plaintiff therefore seeks to restrain the implementation of the ordinances in question, contending that the action of the township in passing them is an interference with the educational program which attains a level of unconstitutional proportion.
N.J. Const. (1947), Art. VIII, § 4, par. 1 requires that the Legislature provide for the maintenance and support of a thorough and efficient system of free public schools. Plaintiff cites Robinson v. Cahill, 62 N.J. 473 (1973), in support of the view that the permissive grant of zoning power to municipalities must defer to the constitutional command to the Legislature to provide equal educational opportunities to all children. While this may be true, this court holds that the Robinson rule is inapposite in the instant case. The nature of the action undertaken by defendant in this case does not result in the foisting of an unconstitutional burden upon the educational system in the Black Horse Pike Regional School District such as to bring zoning within even a most expansive reading of Robinson. Furthermore, the court finds that the rule of such cases as Midtown Properties, Inc. v. Madison Tp., 68 N.J. Super. 197 (Law Div. 1961); Molino v. Mayor, etc., Glassboro, 116 N.J. Super. 195 (Law Div. 1971); and Springfield Tp. v. Bensley, 19 N.J. Super. 147 (Ch. Div. 1951), is not in conflict with Robinson on this point.
In Molino the court struck down an ordinance which, because of the burden upon the school system and increase in taxes concomitant with an influx of children into residentially zoned areas, restricted the future population of Glassboro to adults. Similarly in this case, plaintiff seeks the same result as that accomplished by the ordinance in Molino, through an injunctive proceeding against the effectuation of these ordinances. Where the exercise of the zoning power is reasonable, courts are loathe to foreclose the implementation of resulting ordinances, Midtown Properties, Inc., supra.
*100 Our courts have specifically held that a municipality has no right to refuse to grant approval for a building project merely because its school system would be unable to absorb the increase in students, Midtown Properties, Inc., supra, 68 N.J. Super. at 210, or that it would increase taxes, Springfield Tp. v. Bensley, supra, 19 N.J. Super. at 158. The court notes that such increases in student population are inevitable in any rapidly expanding community. Actions of zoning boards intended to cope with such expansion cannot be classified as unconstitutional interference with the supervening educational priorities held to be preeminent by our Supreme Court in Robinson. Only by unreasonable and arbitrary extension of Robinson's principles can these actions be deemed violative of the spirit of our State Constitution, Art. VIII, § 4.
Plaintiff cites Newark Hills and Ice Cream Co. v. Parsippany-Troy Hills, 47 N.J. Super. 306 (App. Div. 1957); Ward v. Montgomery Tp., 28 N.J. 529 (1959), and Gruber v. Raritan Tp., 68 N.J. Super. 118 (Law Div. 1961), for the proposition that the use of municipal zoning schemes is validated for the purpose of offsetting financial difficulties and relieving congestion in the school system. However, it is impermissible to draw from these cases the inference that the inverse result, i.e., an increase in the cost of education in the district due to municipal zoning policies, is the result of irresponsible and arbitrary action of township council.
Plaintiff also claims that the need for new facilities will require additional levies upon the taxpayers of the other municipalities comprising its region, Runnemede and Bellmawr, and as such will deny to them equal protection, since they will be forced to pay for the education of students from Gloucester Township. This contention can be summarily disposed of with the observation that where the Legislature has seen fit to establish a school district with boundaries which are not coextensive with those of each of its respective municipal constituents, any inequity which arises in the bearing of the cost of new buildings is outweighed by the advantages *101 which the Legislature foresaw would inure to every municipality organized into such a district.
Since plaintiff board of education has raised no cognizable claim upon which relief can be granted, the court, pursuant to R. 4:6-2, enters judgment for defendant, dissolving the temporary restraint upon the operation of the aforesaid ordinances and dismissing the complaint. No costs.